————o————

No. 4457.

(Court of Appeal, Parish of Orleans.)

## SOUTHERN FIRE INSURANCE CO. VS. CITY OF NEW ORLEANS, ET AL.

It is settled jurisprudence in this State, that the tax-payer before bringing suit for the correction of reduction of an assessment must,as a condition precedent thereto, make the preliminary opposition and application for redress provided by law.

Appeal from Civil District Court, Division "A."

Howe, Fenner, Spencer & Cocke, Plaintiff and Appellants.

F. C. Zacharie, G. H. Terriberry and J. P. Sullivan, Defendant and Appellees.

DUFOUR. J. This is a suit for the reduction to the sum of $778.64 of the following assessment:

Money loaned at interest, all credits and all bills receivable for money loaned or advanced or for goods sold and all credits of any and all description, $4400."

It is admitted that plaintiff made a return to the Board of Assessors, but that no application for reduction was made to the Board or the Revision Committee of the City Council, as required by the revenue act of 1898. It is not claimed that the law does not warrant the assessment of the property described, but the contention is that it is overassessed; hence, under the ruling in 37 An. 508, there is no question of constitutionality or legality of the tax involved.

· The defendants filed a plea of estoppel to the effect that "plaintiff is estopped to bring this suit * * * because it neglected to file with the Board of Assessors, within the time provided by law, an

application for reduction of assessment, and also neglected to appeal to the Committee on Budget and Assessment of the Council, and hence has no standing in Court * * "

It is settled jurisprudence in this State that the tax power before bringing suit for the correction or reduction of an assessment must, as a condition precedent thereto, make the preliminary opposition thereto and application for redress provided by law."

39 An. 209.  41 An. 437.

Counsel for plaintiff seeks to evade the application of that doctrine by suggesting that the Statute refers merely to the question of valuation and description, and that "in the case at bar, the claim for relief is not based either upon an elleged misdescription or upon any alleged excessive valuation," but upon the fact that the assessment to the extent of $3621.36 is an assessment of non-existent property. The fallacy of this claim lies in the assumption that every dollar, every bill receivable or other credit is and should be separately and specifically assessed, whereas assessments of this nature are made in bulk both as to description and valuation of the property.

The fact that the assessment unsuccessfully attacked in the cases cited above were identical with the one now in question is sufficient refutation of plaintiff's contention.

The estoppel pleaded is well founded.  Judgment affirmed.